UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DULCE BLANCO,

Plaintiff,

vs.                                                      Case No.:

CREDIT BUREAU COLLECTION
SERVICES, INC.,

Defendant.
_____/

## COMPLAINT

1.       Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C.

1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat.  559.55

et seq. ("FCCPA").

## JURISDICTION

2.       Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant

to the FDCPA, and the FCCPA.

3.       This action arises out of Defendant's violation of the FDCPA and the FCCPA by

this Defendant and its agent in its illegal efforts to collect a consumer debt from Plaintiff.

4.       Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.       Plaintiff, DULCE BLANCO, is a natural person who resides in the City of Miami,

County of Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3).

1

6.     Defendant CREDIT BUREAU COLLECTION SERVICES, INC., (hereinafter "Defendant CBCS") is a collection agency operating from an address of 236 East Town Street, Columbus, OH 43215, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Defendant CBCS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.     Defendant CBCS regularly collects or attempts to collect debts for other parties.

9.     Defendant CBCS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.     Plaintiff never incurred a financial obligation regarding a past due amount to AT&T formerly known as Bell South, however, CBCS attempted to collect this non-legitimate debt from Plaintiff.

11.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred by someone other than the Plaintiff.

12.     Defendant attempted to enforce a debt that it knew was not legitimate.

13.     Defendant appears to have added fees and charges onto Plaintiff's alleged original debt that Plaintiff never contractually agreed to.

14.     Defendant improperly communicated an amount not permitted by law, mainly, reported an incorrect amount due and owing to consumer credit agencies.

15.     Defendant falsely represented the amount and character of the alleged debt to consumer credit agencies.

16.     Defendant knew or should have known that the credit information it communicated was false.

2

17.     Defendant attempted to collect an amount of the debt that was not expressly authorized by the agreement creating the debt or permitted by law.

## SUMMARY

18.     The above-described collection communications made by Defendant CBCS, and/or a collection employee employed by Defendant CBCS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692e(2), 1692e(8), 1692e(10),  1692f(1), as well as the FCCPA § 559.72(9).

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

CAUSES OF ACTION
COUNT 1
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

22.     As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs.

## COUNT 2

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

23.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.    Defendant improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs.

## COUNT 3

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

25.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.    Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

27.     Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8) and 1692e(10)

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     Defendant improperly communicated an alleged debt not permitted by law, mainly, reported an incorrect debt due and owing by Plaintiff to consumer credit agencies.

30.     Defendant's improper discourses to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant falsely represented the character of the alleged debt that was allegedly owed to Defendant.

33. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)    Attorneys' fees and costs.

## COUNT 6

## VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant attempted to enforce a debt that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)    Attorneys' fees and costs.

## COUNT 8

## VIOLATION OF FCCPA §559.715

36. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may

bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)     Attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  October 3, 2011                          Respectfully submitted,


                                                 /s Andrew I. Glenn_____
                                                 Andrew I. Glenn
                                                 E-mail:  AGlenn@cardandglenn.com
                                                 Florida Bar No.:  577261
                                                 J. Dennis Card, Jr.
                                                 E-mail:DCard@cardandglenn.com
                                                 Florida Bar No.  0487473
                                                 Card & Glenn, P.A.
                                                 2501 Hollywood Boulevard, Suite 100
                                                 Hollywood, Florida 33020
                                                 Telephone:  (954) 921-9994
                                                 Facsimile:  (954) 921-9553
                                                 Attorneys for Plaintiff